[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15862
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-00220-RH-CAS


CONRAAD L. HOEVER,

Plaintiff-Appellant,

versus

C. FLETCHER,
Officer in Charge Captain,
M. MILLETTE,
Classification Officer,
V. WATSON,
Officer in Charge Lieutenant,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 18, 2017)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Conrad Hoever, a Florida prisoner, appeals *pro se* the dismissal of his claim that prison officials violated his right to due process when they placed him in disciplinary confinement and the summary judgment against his claim of retaliation in violation of his right to free speech.  Hoever alleged in his complaint that the prison officials conspired to put him in disciplinary confinement for 30 days as retaliation for filing grievances.  He also alleged that, while in confinement, he was deprived of some clothing and a pen, was given a mattress with little filling, and injured his knee on the bed frame due to the poor mattress. And Hoever argues that the magistrate judge abused his discretion in denying him discovery even though he failed to raise that issue to the district court. We affirm.

We review *de novo* a dismissal for failure to state a claim. *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009). We also review a summary judgment *de novo*. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002).

We affirm the dismissal of Hoever's complaint that the prison officials violated his right to due process. A prisoner is entitled to due process when a change in his conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court. *Kirby v. Siegelman*, 195 F.3d 1285, 1291 (11th Cir.

2

1999). Due process is also required when the state has consistently bestowed a certain benefit to prisoners and the deprivation of that benefit imposes atypical and significant hardship on the prisoner in relation to the ordinary incidents of prison life. *Id.* Due process also entitles a prisoner facing disciplinary review to receive advance written notice of the charges against him; an opportunity to call witnesses and present documentary evidence, so long as doing so is consistent with institutional safety and correctional goals; and a written statement outlining the evidence relied on and the reasons for the disciplinary action. *O'Bryant v. Finch*, 637 F.3d 1207, 1213 (11th Cir. 2011). A 30-day period of disciplinary confinement does not rise to the level of an atypical and significant hardship. *See Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). And 30 days in disciplinary confinement does not constitute a change in the conditions of confinement so severe that it essentially exceeded Hoever's sentence imposed. *See Kirby*, 195 F.3d at 1291. Deprivation of an adequate mattress, clothing for a few hours, and a pen for several days—which led to a deprivation of medical attention for his non-emergency knee pain—also do not rise to the level of due process violations. *See Sandin*, 515 U.S. at 484–85. The defendants satisfied Hoever's due process rights when, as he alleged in his complaint, they provided him notice of the charges against him, an opportunity to be heard and to present witnesses and evidence, and written reasons for the disciplinary action. *See O'Bryant*, 637 F.3d at 1213–14.

We also affirm the summary judgment against Hoever's claim of retaliation. The First Amendment forbids prison officials from retaliating against prisoners for exercising their right of free speech. *Id.* at 1212. But a prisoner cannot state a claim of retaliation for a disciplinary charge involving a prison rule infraction when the prisoner was found guilty of the actual behavior underlying that charge after being afforded adequate due process. *Id*. at 1215. Any possible causal connection between the protected activity (the grievances) and the harm (the disciplinary charges and sanctions) is severed since the harm is not in reaction to any protected activity, but directly due to an improper activity. *Id*. at 1219–20. We ask only whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. *Id*. at 1213–14. Hoever was found guilty of the behavior charged in the allegedly retaliatory disciplinary report and there was evidence to sustain that finding, so his retaliation claim fails. *See id.* at 1212–20.

We also lack jurisdiction to review the denial of Hoever's request for discovery. Hoever did not appeal the magistrate judge's denial of the discovery motion to the district court, and the district court did not have an opportunity to address it. *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980).

**AFFIRMED.**

4